UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN ARNOLD                          CIVIL ACTION

VERSUS                               NO. 10-4454

LOWE'S HOME CENTERS, INC.            SECTION "C" (2)


ORDER AND REASONS

This removed matter comes before the Court on the issue whether the

jurisdictional amount existed at the time of removal.   Having reviewed the record, the

memoranda of counsel and the law, the Court has determined that remand is appropriate

for the following reasons.

The plaintiff's petition seeks damages for personal injuries allegedly sustained in

defendant's store in New Orleans.  This matter was removed on the basis of diversity.

With regard to the existence of the jurisdictional minimum, the parties may

neither consent to nor waive federal subject matter jurisdiction.  Simon v. Wal-Mart

Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are

insufficient to invest a federal court with jurisdiction.  Asociacion Nacional De

Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De

Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).  Instead, the

Fifth Circuit advises the district courts that they should review their subject matter

jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

The defendant has not met its burden to show that the jurisdictional amount is facially apparent for present purposes, nor has it made a showing sufficiently particularized to meet that burden.   Medical records indicate approximately $12, 000 in medical expenses have been incurred with primary regard to a herniated disc at C3-4, for which epidural steroid injections were prescribed.  The plaintiff was referred to a neurosurgeon, but no records indicate that he has undergone surgery or has been recommended for surgery.  The plaintiff disagrees that the jurisdictional amount is present.

The Court finds that the records do not support a finding that the jurisdictional minimum was at issue when this action was removed. In addition, this Court has previously ruled that unoperated herniated discs do not meet the jurisdictional minimum for purposes of determining removal subject matter jurisdiction. See e.g., Anderson v. Great West Casualty Co., 2010 WL 420572 (E.D.La.).

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 16th day of March, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE